**UNITED STATES of America**

v.

**Martin LOPEZ, et al.**

**Crim. No. H–84–31 (PCD).**

United States District Court, D. Connecticut.

June 7, 1984.

John A. Connelly, Asst. U.S. Atty., Hartford, Conn., for plaintiff.

C. Thomas Furniss, Hartford, Conn., for defendant Martin Lopez.

## RULING ON DEFENDANT MARTIN LOPEZ' MOTION TO SUPPRESS

DORSEY, District Judge.

Defendant Martin Lopez moves to suppress evidence obtained by federal law enforcement officers by means of a high-powered telescopic device which recorded activities of defendant in a public street. Defendant argues that he was at a location chosen for private conversations and activities, a "private sphere," and thus, having a reasonable expectation of privacy, should be immune from the surveillance. This argument is without merit. Defendant can not transform a public street into a "private sphere" by deigning to be so or by placing compatriots in look out positions in order to isolate or quarantine an area of the public street.

[T]he Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his home or office, is not a subject of Fourth Amendment protection. [Citations omitted]. But what he seeks to preserve as

private even in an area accessible to the public, may be constitutionally protected....

*Katz v. United States,* 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967). However, this protection is applicable only where there is a constitutional right and the government's activities constitute a "search and seizure" within the meaning of the fourth amendment thereby violating the right. *Katz,* 389 U.S. at 352, 88 S.Ct. at 511. Defendant cannot by unilateral action arbitrarily stake out a portion of the public domain, declare it to be his to the exclusion of others, and thereby create a right of expected privacy for himself from observations as are proposed to be used here.

> The threshold question in the present case is whether observation by means of a high powered telescope constitutes the type of intrusion against which the Fourth Amendment protects. The answer depends on whether such surveillance violated reasonable expectations of privacy.

*United States v. Taborda,* 635 F.2d 131, 136 (2d Cir.1980). The further question is whether the claimed exception is one to which the public would accord protection as a constitutional right. Neither *Taborda* (telescopic surveillance into an apartment), *United States v. Lace,* 669 F.2d 46 (2d Cir.1982) (surveillance of private open land from a public highway), nor *On Lee v. United States,* 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270 (1952) (radio transmitter used to monitor conversation between undercover agent and petitioner held partly in petitioner's store and partially on public sidewalk), the authorities cited by defendant, provide any support for an analysis that would support defendant's motion.

Accordingly, defendant's motion is denied.

SO ORDERED.